UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SEMPLICIO ALLAN TOMAS,

    Plaintiff,

vs.

SANTA CRUZ BOARD OF SUPERVISORS; PHIL WOWAK, Santa Cruz Sheriff; and DEPUTY SHERIFF DOES 1-4,

    Defendants.

No. C 12-2808 PJH (PR)

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND EXTENDING TIME TO PROVIDE COMPLETE APPLICATION TO PROCEED IN FORMA PAUPERIS**

    This is a civil rights case filed pro se by a state prisoner. The clerk notified plaintiff that his in forma pauperis ("IFP") application was deficient because he had not used the prisoner form, had failed to submit the "Certificate of Funds in Inmate Account," and had not attached a copy of transactions in his prison trust account.

    Plaintiff has filed a "Motion to Reconsider Order to Pay Filing Fees." He says that he is being held pursuant to the California Sexually Violent Predators Act, so is not a "prisoner" as that term is used in the Prison Litigation Reform Act ("PLRA"). In this he is correct and is not, accordingly, required to use the prisoner form. *See Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000). He is, however, incorrect that his status means he is "not required to pay filing fees. . . ." Because the PLRA does not apply to him he is not required to provide a printout of transactions in his trust account for the past six months, and he is not required to make installment payments towards the filing fee out of income to his trust account, but IFP status, even for nonprisoners, frees the litigant only from *prepayment* of filing fees; the grant of that status does not forgive paying the fee altogether.

    In any event, the application to proceed in forma pauperis is still deficient, in that

petitioner does not provide information about any funds he may have in an account maintained for him at the jail or state hospital where he is confined, or elsewhere. The court requires similar information from all persons seeking to proceed in forma pauperis.

Petitioner shall either pay the filing fee or file a declaration stating the balance in any trust account maintained for him at the institution where he is committed or any other institution where he has an account  The declaration shall be filed by July 31, 2012. If he does not do one or the other by the deadline, the case will be dismissed.

**IT IS SO ORDERED.**

Dated:  July 13, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Tomas2808.recon.wpd

2