UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SEMPLICIO ALLAN TOMAS,<br><br>    Plaintiff,<br><br>  vs.<br><br>JOHN LEOPOLD, ELLEN PIRIE, NEAL COONERTY, GREG CAPUT, and MARK STONE, Santa Cruz County Supervisors; PHIL WOWAK, Santa Cruz Sheriff; and DEPUTY SHERIFF DOES 1-4,<br><br>    Defendants.<br>_____/ | No. C 12-2808 PJH (PR)<br><br>**ORDER REOPENING CASE AND GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSAL OF COMPLAINT WITH LEAVE TO AMEND** |

    This is a civil rights case filed pro se by a state prisoner. Plaintiff failed to supply sufficient information to determine if he should be allowed to proceed in forma pauperis ("IFP"). The court extended the time to provide the information to July 31, 2012. The case was dismissed on August 3, 2012, when it appeared plaintiff had not responded. The dismissal was in error, however, as plaintiff had filed the required information on July 30, but that fact had not come to the court's attention. The dismissal will be vacated and the case reopened.

    The court will now screen the complaint.

## DISCUSSION

**A.    Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Complaints in pro se prisoner cases, such as this one, must be liberally construed in favor of the plaintiff when applying the *Twombly/Iqbal* pleading standard. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff formerly was confined at the Santa Cruz County Jail. He is civilly detained as a sexually violent predator. *See* Cal. Welf. & Inst. Code § 6600 et seq. He contends

that despite being only a civil detainee he was housed in the Santa Cruz jail with inmates charged with crimes or serving jail sentences. He was strip searched. Although he was classified for general population protective custody, he was assaulted three times in protective custody because of his sex offender status. He alleges that the third assault occurred when the brother of his victim was housed in the same unit. At that point he was moved to administrative segregation.

Plaintiff alleges that defendant Sheriff Wowak, as the final policy maker for the jail, promulgated the policy of treating SVP such as him the same as those charged with or convicted of crimes, and failed to properly train his subordinates to avoid the unsafe conditions he describes. This is marginally sufficient to state a claim against Wowak.

Defendants John Leopold, Ellen Pirie, Neal Coonerty, Greg Caput, and Mark Stone are alleged to have been Santa Cruz County supervisors at the relevant time. Plaintiff has provided no specific factual allegations as to their involvement in setting the policies that he contends caused the violations of his rights, and indeed his contention that the sheriff is the final policy maker suggests to the contrary. The claims against them will be dismissed with leave to amend.

In addition, plaintiff's "First Alleged Claim," in which he contends that his First and Fourteenth Amendment rights to practice his religion were violated, are not supported by any factual allegations. It will be dismissed with leave to amend.

**CONCLUSION**

1. The previous dismissal of this case (document number 10 on the docket) is **VACATED**. This case is **REOPENED**. In light of the IFP information provided, leave to proceed in forma pauperis (document 7) is **GRANTED**.

2. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present, including those identified in

1 this order as sufficient to state a claim.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th
2 Cir. 1992).  He may not incorporate material from the original complaint by reference.
3 Failure to amend within the designated time will result in the dismissal of these claims.
4     3.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
5 court informed of any change of address by filing a separate paper with the clerk headed
6 "Notice of Change of Address," and must comply with the court's orders in a timely fashion.
7 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
8 Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  August 13, 2012.

                                 PHYLLIS J. HAMILTON
                                 United States District Judge

**United States District Court**
For the Northern District of California

G:\PRO-SE\PJH\CR.12\Tomas2808.dwlta.wpd

4