UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SEMPLICIO ALLAN TOMAS,

    Plaintiff,

vs.

SANTA CRUZ BOARD OF SUPERVISORS; PHIL WOWAK, Santa Cruz Sheriff; and DEPUTY SHERIFF DOES 1-4,

    Defendants.

No. C 12-2808 PJH (PR)

**ORDER OF SERVICE AFTER AMENDMENT**

    This is a civil rights case filed pro se by a person civilly committed as a sexually violent predator. *See* Cal. Welf. & Inst. Code § 6600 et seq. His claims arise from his detention in the Santa Cruz County Jail.

    The court concluded in its initial review order that plaintiff had stated a claim against defendant Wowak, who he alleged was the final decision maker for policy at the jail, for housing him with jail prisoners, where he was assaulted. His claims against the board of supervisors and his religion claim were dismissed with leave to amend. Plaintiff has amended. In the amended complaint he asserts in conclusory terms that the board knew "or should have known" about the violations of his rights. This is insufficient under *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The claims against the board will be dismissed with prejudice.

    Plaintiff also asserts that he is a Buddhist, that the jail has no Buddhist spiritual advisor or written materials about the faith, and that his right to participate in "Buddhist Sanjhas with other Buddhists" was violated. These assertions are marginally sufficient to

state a claim against Wowak as policy-maker for the jail.

**CONCLUSION**

1. Plaintiff's claim against the Santa Cruz Board of Supervisors is **DISMISSED** with prejudice.

2. The clerk shall issue summons and serve, without prepayment of fees, copies of the file, including copies of this order, upon defendant Sheriff Phil Wowak, Santa Cruz Sheriff's Department.

3. In order to expedite the resolution of this case, the court orders as follows:

    a. Defendant shall file a motion for summary judgment or other dispositive motion within sixty days of the date this order is entered. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date his summary judgment motion is due.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendant no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

    c. If defendant wishes to file a reply brief, hy shall do so no later than fifteen days after service of the opposition.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the

2

1 document to defendant or defendant's counsel.

2     4.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  September 18, 2012.

                PHYLLIS J. HAMILTON  
                United States District Judge

C:\Users\heuermann\AppData\Local\Temp\notes95EC0B\Tomas2808.serve.wpd

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.