UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SEMPLICIO ALLAN TOMAS,

    Plaintiff,

vs.

SANTA CRUZ BOARD OF SUPERVISORS, et. al.,

    Defendants.

No. C 12-2808 PJH (PR)

**ORDER GIVING ADDITIONAL NOTICE; DEADLINE FOR PLAINTIFF TO FILE AN OPPOSITION**

    In *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988), the Ninth Circuit held that pro se prisoner litigants must be given a warning about the requirements of Rule 56 of the Federal Rules of Civil Procedure pertaining to summary judgment and the consequences of such a motion.

    The Ninth Circuit now has held that the notices must be provided at the time the motions are filed, and that notices given in advance of such motions are not sufficient. *Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012). In this case the remaining defendant, Phil Wowak, has moved for summary judgment, though it does not appear a *Rand* notice was sent to plaintiff. The motion was filed on November 15, 2012, but plaintiff has not filed an opposition or otherwise communicated with the court.

    Plaintiff shall take notice of the attached warning. If after considering it he wishes to file an opposition, he shall do so by **May 22, 2013**. If plaintiff files an opposition defendant may file a reply within fourteen days.

    **IT IS SO ORDERED.**

Dated: April 18, 2013.

PHYLLIS J. HAMILTON
United States District Judge

**NOTICE**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.